IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 04-50 Erie |
| | ) | |
| JOHN JOSEPH PRICE, JR. | ) | |

**DEFENDANT'S POSITION WITH RESPECT TO SENTENCING FACTORS**

AND NOW, comes the defendant, John Joseph Price, Jr., by his attorney, Thomas W. Patton, Assistant Federal Public Defender, and respectfully files his Position With Respect To Sentencing Factors. In support thereof, counsel states:

Paragraph 9

Mr. Price denies that he ever sold any methamphetamine to Agent Randall Schirra. Furthermore, Mr. Price did not "elude" law enforcement from the time of the alleged sale, April 5, 2002, until the day of his arrest, October 5, 2004. Agent Schirra did not even file any charges against Mr. Price for the alleged sale until February 10, 2004. Accordingly, from April 5, 2002, through February 10, 2004, there were not any criminal charges pending against Mr. Price for this alleged sale of methamphetamine. From February 10, 2004 through October 5, 2004, Mr. Price did not make any attempt to "elude" law enforcement. Mr. Price was living in the same house from February 10, 2004 through October 5, 2004, and working at the same garage at which he was arrested on October 5, 2004. The delay between the alleged sale of methamphetamine on April 5, 2002, and Mr. Price's arrest on the charges brought based upon that alleged sale was due solely to law enforcement's failure to file any charges for almost two years and then their failure to act on the arrest warrant.

Paragraph 10

Mr. Price denies that any proper consent was given for the search of his home on October 5, 2004.

Paragraph 28

Mr. Price objects to the government's failure to file a motion asking for Mr. Price to receive the third point for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b). While ordinarily § 3E1.1 requires that the government file a motion seeking the third point before it may be applied, the government's discretion is not unfettered. United States v. Moreno-Trevino, 432 F.2d 1181, 1186 (10th Cir. 2005). In Moreno-Trevino, the Tenth Circuit applied the body of case law developed in the context of challenging the government's refusal to file a motion for downward departure under § 5K1.1 to the situation in which the government refuses to file a motion for the addition one point for acceptance of responsibility under § 3E1.1. Id. at 1185. The Sixth, Eighth, and Ninth Circuits have done likewise. United States v. Smith, 429 F.3d 620, 628 (6th Cir. 2005); United States v. Smith, 422 F.3d 715, 726 (8th Cir. 2005); United States v. Espinoza-Cano, 456 F.3d 1126, (9th Cir. 2006). The Court should do the same here.

The Third Circuit has held that district courts can grant relief when the government's failure to file a § 5K1.1 motion is based upon an unconstitutional motive. United States v. Paramo, 998 F.2d 1212, 1219 (3rd Cir. 1993) (quoting Wade v. United States, 504 U.S. 181, 186-86. 112 S.Ct. 1840, 1843-44 (1992)). If the government refuses to make a downward departure motion to punish the defendant for exercising his constitutional rights, the denial violates due process and is, therefore, based on an unconstitutional motive. Paramo, 998 F.2d at 1219. Furthermore, the Supreme Court held in Wade that if the government's refusal to file the motion is not rationally related to any

legitimate government end, the defendant is entitled to relief.  Wade, 504 U.S. at 186, 112 S.Ct. 1844.

The government's refusal to move for the additional point for acceptance of responsibility in this case is based upon an office-wide policy adopted by the United States Attorney's Office for the Western District of Pennsylvania to not move for the additional point in any case in which the defendant has litigated a motion to suppress.  The United States Attorney's policy to refuse to move for the additional point for acceptance of responsibility under § 3E1.1(b) in any case in which the defendant litigates a motion to suppress both punishes the defendant for exercising his constitutional rights and is not rationally related to any **legitimate** government end.

It cannot be questioned that every defendant has a right under the Fourth Amendment to be free from unreasonable searches and seizures.  The vehicle through which a defendant seeks to vindicate his or her Fourth Amendment rights is a motion to suppress.  If the defendant fails to file a motion to suppress setting forth the alleged Fourth Amendment violations, that argument will be waived and the defendant will have no remedy in his or her criminal case for the violation.  The United States Attorney's policy of not moving for the third point if a defendant litigates a motion to suppress is nothing short of punishing a defendant for trying to vindicate his or her constitutional rights.  Accordingly, the government's failure to move for the third point is improper, and the third point should be granted by the Court.

The Ninth Circuit has already reached this conclusion, albeit in the context of a district court not awarding acceptance of responsibility due to the defendant's filing of a motion to suppress.  United States v. Vance, 62 F.3d 1152 (9th Cir. 1995).  In Vance, the district court refused to credit the defendant with any adjustment for acceptance of responsibility in part because the defendant filed

3

and litigated a motion to suppress. Id. at 1157. The Ninth Circuit reversed, holding that [s]uch a motion is an assertion of a constitutional right, and as we held in [United States v.] LaPierre, 998 F.2d [1460], 1468 [(9th Cir. 1993)], exercise of a constitutional right cannot be held against a defendant for purposes of the adjustment . . . ." Id. The Ninth Circuit went on to explain that [t]he amount of preparation by a prosecutor, and the amount of court time which must be scheduled, are far greater for a trial than for a motion to suppress. The guidelines do not mean 'motions' where they say 'trial' at 3E1.1(b)(2)." Id. See also United States v. Kimple, 27 F.3d 1409, 1414-1415 (9th Cir. 1994) ("Merely opposing a suppression motion is not sufficient to constitute trial preparation.").

The United States Attorney's decision to deny the third point to any defendant who litigates a suppression issue is not related to any **legitimate** government end. If a defendant qualifies for the two-level reduction for acceptance of responsibility under § 3E1.1(a), and his offense level prior to the application of § 3E1.1(a) is 16 or greater, the defendant should receive the third point if the government files a motion "stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently." U.S.S.G. § 3E1.1(b). The application notes state that "[b]ecause the Government is in the best position to determine whether the defendant has assisted authorities in a manner that avoids preparing for trial, an adjustment under subsection (b) may only be granted upon a formal motion by the Government at the time of sentencing." U.S.S.G. § 3E1.1, comment. (n. 6)

In this case, the Court denied Mr. Price's motion to suppress on May 4, 2006. (Defendant's Exhibit A) By May 9, 2006, the parties had agreed to a plea letter. (Defendant's Exhibit B) On May

10, 2006 this Court set the date and time for Mr. Price's change of plea. (Defendant's Exhibit C) Obviously, Mr. Price made it very clear immediately after his motion to suppress was denied that he would enter a conditional plea allowing the government to avoid having to prepare for trial and allowing the Court to allocate its resources efficiently. There is no legitimate reason why Mr. Price should not receive the third point.

At best, the United States Attorney's policy is designed to reduce the work load of the Assistant United States Attorneys by using the third point as leverage to discourage the filing of motions to suppress. But that is not the purpose of giving the government the initial say over whether the defendant should receive the third point for acceptance of responsibility. Giving the government authority over the third point was not done to save the government the work of responding to motions to suppress; it was given to the government because it will know if it had to prepare for trial or not. Accordingly, the government is not allowed to refuse to move for the third point on grounds unrelated to whether or not it was required to prepare for trial. United States v. Anzalone, 148 F.3d 940, 941 (8th Cir. 1998) (government cannot base its § 5K1.1 motion decision on factors other than the substantial assistance provided by the defendant). And, as found by the Ninth Circuit, litigating a motion to suppress is not remotely the equivalent of preparing for trial.

Congress did not give the government the power over the third point to bully defendants into not litigating motions to suppress. The government's refusal to file a motion asking for the third point in this case both punishes Mr. Price for exercising his constitutional rights and is not rationally related to a legitimate government end. Accordingly, the Court should step in and give Mr. Price the third point. This would put Mr. Price's total offense level at 25 which, when joined with a criminal history category V, results in a suggested imprisonment range of 100-125 months.

If the Court does not find that it can give Mr. Price the third point under the guidelines, it should exercise its sentencing discretion under <u>Booker</u> and sentence Mr. Price within the guideline range that would have been recommended had Mr. Price received the third point.

WHEREFORE, defendant, John Joseph Price, Jr., respectfully requests that this Honorable Court apply the third point for acceptance of responsibility.

Respectfully submitted,

<u>/s/ Thomas W. Patton</u>
Thomas W. Patton
Assistant Federal Public Defender
PA I.D. No. 88653