IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 04-50 Erie |
| ) | |
| JOHN JOSEPH PRICE, JR. ) | |

**GOVERNMENT'S RESPONSE
TO DEFENDANT'S OBJECTION TO
PARAGRAPH 28 OF THE PRESENTENCE REPORT**

AND NOW comes the United States of America, by and through its counsel, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Christian A. Trabold, Assistant United States Attorney for said district, and states as follows:

Price objects to the government's refusal to file a motion recommending that he receive the additional third point for acceptance of responsibility contemplated in U.S.S.G. § 3E1.1(b). Price claims that the government's refusal to recommend the additional reduction punishes him for exercising his constitutional rights and is not rationally related to a legitimate governmental end. Price is mistaken.

Section 3E1.1 of the Sentencing Guideline provides as follows:

> (a)  If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels.

>    (b)   If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level 16 or greater, and upon motion of the government stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a guilty plea, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently, decrease the offense level by 1 additional level.

This current version of Section 3E1.1 reflects an amendment made by the Prosecutorial Remedies and Other Tools to end the Exploitation of Children Today (PROTECT) Act, Pub. L. No. 108-21, § 401(g), 117 Stat. 650, 671-72 (2003). The PROTECT Act changed Section 3E1.1 such that now a defendant may only receive the additional third point reduction in offense level upon motion of the government. Moreover, the PROTECT Act added the following language to the end of Application Note 6 for Section 3E1.1:

>    Because the Government is in the best position to determine whether the defendant has assisted authorities in a manner that avoids preparing for trial, an adjustment under subsection (b) may only be granted upon a formal motion by the Government at the time of sentencing.

Thus, by enacting the PROTECT Act, Congress has unequivocally set forth its desire that decisions regarding the third point for acceptance of responsibility be left to the sound discretion of the government.

Since the PROTECT Act amendment to Section 3E1.1, courts have repeatedly held that "prosecutors should be afforded the same discretion to file acceptance-of-responsibility motions under Section 3E1.1(b) as substantial assistance motions under Section 5K1.1." United States v. Espinoza-Cano, 456 F.3d 1126, 1135 (9th Cir. 2006) (citing United States v. Moreno-Trevino, 432 F.3d 1181, 1185-86 (10th Cir. 2005); United States v. Smith, 429 F.3d 620, 628 (6th Cir. 2005); United States v. Smith, 422 F.3d 715, 726 (8th Cir. 2005)). It is well settled that a "defendant who pleads guilty is not entitled to an additional level of reduction as a matter of right." Smith, 422 F.3d at 726.

The Tenth Circuit has provided several reasons for analogizing acceptance of responsibility to substantial assistance. First, "the text of Section 3E1.1(b) and its accompanying commentary indicate that prosecutors have considerable discretion to file a motion." Moreno-Trevino, 432 F.3d at 1186. Second, Section 3E1.1(b), like Section 5K1.1 confers on the government "a power, not a duty," to file a motion for the additional one point reduction when a defendant has timely notified prosecutors of an intention to plead guilty. Id. (citing Wade v. United States, 504 U.S. 181, 185 (1992)). Thus, while a defendant must timely notify the government of his intention to plead guilty in order to warrant a Section 3E1.1(b) motion, "such timeliness does not automatically

entitle him to the government's filing for the additional adjustment." Id.

The Ninth Circuit in Espinoza-Cano agreed, for the following two reasons, with the Moreno-Trevino court's significant focus on the PROTECT Act's amendment to Section 3E1.1's Application Note 6:

> First, the amendment "reflects common sense because, in fact, the government is in the best position to (1) know what *it* has and has not done in relation to trial preparation, and (2) assess whether the defendant's notification of an intent to plead guilty has assisted the government in avoiding trial preparation. Second, this Application Note is important because it amounts to a de facto presumption that the government possesses superior knowledge of its trial preparation status. This presumption, in turn, justifies the requirement that a defendant who challenges the government declining to move for a third level of acceptance of responsibility has a threshold evidentiary burden to show unconstitutional motive, or arbitrary governmental action. This threshold requirement is properly placed upon the defendant who urges unconstitutional motive or arbitrary action and is consistent with a similar requirement for a defendant who challenges the government's decision not to bring a substantial assistance motion under section 5K1.1.

Espinoza-Cano, 456 F.3d at 1135-1136. See Smith, 429 F.3d at 628 (Congress made clear its purpose in amending Section 3E1.1(b), the "government is in the best position to know whether it has conserved resources").

Thus, consistent with the Ninth Circuit's decision in Espinoza-Cano, a court may only review the government's refusal to move for the third acceptance of responsibility point, and grant a

4

remedy, if it finds that the refusal was "(1) animated by an unconstitutional motive, or (2) not rationally related to a legitimate government end." Moreno-Trevino, 432 F.3d at 1186. Courts have consistently described the unconstitutional motive as involving a decision by the government based upon considerations such as race or religion. Wade v. United States, 504 U.S. 181, 185-86 (1992); Espinoza-Cano, 456 F.3d at 1135 (citing Smith, 429 F.3d at 628).

In Espinoza-Cano, the defendant was found guilty of an immigration offense after a bench trial where he stipulated to all of the facts necessary to establish his guilt. Espinoza-Cano, 456 F.3d at 1130. The defendant agreed to a bench trial so that he could preserve an issue for appeal. Id. The presentence report accorded the defendant a two point reduction in offense level for acceptance of responsibility. The third point for acceptance of responsibility was not accorded because there was no motion from the government requesting it and the defendant exercised his right to a bench trial. Id. The district court did not award the defendant the third acceptance of responsibility point at sentencing. The defendant then appealed the denial of the third point, arguing that the government had relied on an unconstitutional reason by penalizing him for exercising his right to appeal. Id. at 1137.

The Ninth Circuit affirmed the district court's decision to deny the third point. In affirming the sentence, the <u>Espinoza-Cano</u> court was not swayed by the defendant's reliance upon <u>United States v. Vance</u>, 62 F.3d 1152 (9th Cir. 1995), a case also relied on heavily by Price. The court noted that Vance does not bear upon the question of "whether the government may condition a motion for adjustment in offense level on the defendant's waiver of his right to trial, where the government has been vested with broad discretion to determine when the adjustment is appropriate." <u>Id</u>. at 1137-38. Moreover, the court noted the well established principle that "there is nothing improper about the government providing an incentive to plea bargain." <u>Id</u>. at 1138. Likewise, "not every burden on the exercise of a constitutional right, and not every pressure or encouragement to waive such a right, is invalid." <u>Id</u>. (citing <u>Corbitt v. New Jersey</u>, 439 U.S. 212, 218 (1978)). Perhaps most significantly as it relates to the facts in Price's case, the <u>Espinoza-Cano</u> court reasoned "[e]ven if we were to equate a stipulated bench trial with an outright guilty plea, the government still would not have been compelled to file the motion." <u>Id</u>. (citing <u>Wade</u>, 504 U.S. at 187). The court further noted that the resources that the government had to expend "anticipating, and ultimately defending, a complete appeal" was a rational and legitimate basis upon which to deny the third point. <u>Id</u>. As the Supreme Court has made clear, the government's decision

not to move for the additional point may be based "simply on its rational assessment of the cost and benefit that would flow from moving." Id.

In Smith the defendant argued that the Government and the district court unreasonably withheld the third level acceptance reduction. Smith, 422 F.3d 715. The Eighth Circuit upheld the denial of the third point, noting that the defendant had engaged in a variety of dilatory tactics which were contrary to his admission of guilt, including the filing of a motion to suppress less than a month before the trial date. Id. at 726-27.

The defendant in United States v. Gonzalez, 70 F.3d 1236, 1237 (11th Cir. 1995) was indicted for counterfeiting offenses. Prior to trial, he filed a motion to suppress physical evidence and statements. Id. After the motion was denied, the defendant attempted to enter a conditional plea allowing him to appeal the suppression issues. Id. at 1238. When the government opposed the conditional plea, the defendant waived his right to a jury trial and was found guilty after a bench trial. Id. At sentencing the district court refused to provide the defendant any reduction in offense level for acceptance of responsibility. The court based its refusal on the suppression hearing. Id.

The Eleventh Circuit affirmed the district court's refusal to grant the Gonzalez defendant any credit for acceptance of responsibility. Id. at 1240. In so holding, the Eleventh

Circuit was not swayed by the defendant's reliance on United States v. Kimple, 27 F.3d 1409, 1413 (9th Cir. 1994), a case also relied upon by Price. The Gonzalez court noted that the Ninth Circuit expressly limited its holding in Kimple to its particular facts. Id. Moreover, the Eleventh Court reasoned that "*Kimple* left the district courts of the Ninth Circuit with the ability to refuse an acceptance of responsibility reduction when the district court has unnecessarily expended its resources." Id. According to the Eleventh Circuit:

> The district court's consideration at sentencing of Gonzalez's efforts to put the government to the test by fighting the essential evidence against him, and his failure to unconditionally plead guilty, does not impermissibly punish Gonzalez for exercising his constitutional rights.

Id. (citing United States v. Henry, 883 F.2d 1010, 1011 (11th Cir. 1989)("Section 3E1.1 may well affect how criminal defendants choose to exercise their constitutional rights. But 'not every burden on the exercise of a constitutional right and not every encouragement to waive such a right is invalid.'")); See United States v. Tinoco-Fajardo, 131 Fed. Appx. 231, 234 (11th Cir. 2005)("By challenging the admissibility of critical evidence against him, Tinoco-Fajardo 'attempted to avoid a determination of factual guilt and to thereby escape responsibility for his crime.'"); United States v. Maldanado, 42 F.3d 906, 913-14 (5th Cir. 1995)(rejection of credit for acceptance of responsibility affirmed because a challenge to

the admissibility of the critical evidence was "indistinguishable from a challenge to factual guilt"); But see United States v. Washington, 340 F.3d 222, 228 (5th Cir. 2003).

The district court in United States v. Jones, 431 F.Supp.2d 594, 596-600 (E.D. Va. 2006), engaged in a lengthy analysis of "whether a defendant fails to accept responsibility when he continues to challenge the admissibility of the outcome determinative evidence against him on constitutional grounds, even while stipulating to the evidence against him and later admitting the conduct to the Probation Officer."  The defendant in Jones waived his right to a jury trial and submitted to a bench trial where he stipulated to the facts presented against him, so as to preserve his right to appeal the denial of his motion to suppress. After Jones was found guilty, he objected to the presentence report's failure to accord him an offense level reduction for acceptance of responsibility. Id.

In denying the defendant's objection, the district court held that a motion to suppress is not a challenge to legal guilt, but rather "it is a challenge to factual guilt." Id. at 599.  The court observed further that:

> Where a defendant challenges the constitutionality of a statute or its applicability in a given case, he is admitting all of the facts necessary to comprise the offense, but challenging the criminality of that conduct.  A motion to suppress does not challenge the criminality of a defendant's conduct.  Rather, it challenges the

9

> admissibility of the evidence that proves one or more elements of the defendant's criminal conduct. A motion to suppress seeks to keep out the evidence of a defendant's factual guilt, and thus is a challenge to factual guilt. Additionally, it should be noted that the commentary speaks in terms of preserving "issues that do not relate to factual guilt." Even if a motion to suppress cannot be equated precisely with a denial of factual guilt, there is no doubt that it relates to factual guilt.

<u>Id</u>. The defendant's continued effort to challenge the constitutionality of the search that yielded the evidence against him, by preserving his appellate rights on the suppression issue, was deemed by the court to be a challenge to factual guilt that was inconsistent with acceptance of responsibility. <u>Id</u>. In supporting its decision, the district court indicated that it was appropriate to note that:

> [I]n cases such as this, where the search was not pursuant to a warrant, the government must present testimony at the hearing on the motion to suppress. In many cases, the testimony at the suppression hearing is the most critical evidence that would be presented later at trial. That certainly is true where, as here, the charge is possession of a firearm by a felon. Thus, the government is not saved much of the burden and expense of trial when the defendant seeks to suppress the most significant evidence of his factual guilt.

<u>Id</u>. The <u>Jones</u> defendant argued that by withholding acceptance of responsibility from those who go to trial to preserve the right to appeal a suppression ruling, the court was actually requiring a

defendant to forego his constitutional rights. The district court disagreed, reasoning that:

> It may appear that it is not possible to reconcile the credit for acceptance of responsibility and the preservation of the right to appeal an adverse suppression ruling. That, however, is not so because, as is true in making many decisions in the criminal justice system, the defendant is simply put to an election. Specifically, the defendant must decide whether the chance to prevail on appeal of a suppression ruling is worth the trade-off of the credit for acceptance of responsibility.
>
> Indeed, the necessity of making such a decision will make defendants and their counsel examine seriously the merits of the potential Fourth Amendment challenge. Those who decide that there is little or no merit to the challenge will find the credit for acceptance of responsibility to be a greater benefit than the pressing of a dubious suppression motion. There certainly is nothing unfair or unconstitutional about requiring defendants and their counsel to confront the realities of the facts. Further, the interests of justice will be served because defendants will be less likely to persist in non-meritorious Fourth Amendment challenges.

Id. at 599-600.

**A. The government's decision to withhold the third acceptance of responsibility point is not motivated by an unconstitutional reason.**

Price is simply wrong when he alleges that refusal to move for the third point was motivated by an unconstitutional

reason.  First, Price does not allege the unconstitutional reasons contemplated by the controlling case law such as race or religion. Second, the foregoing cases make clear that refusal to provide an acceptance of responsibility reduction for suppression related reasons is not unconstitutional.  Indeed, many of the above cases specifically hold that refusing to provide acceptance of responsibility reductions because the defendant filed a motion to suppress or is appealing pretrial issues is perfectly appropriate. Plainly, a defendant has as much of a constitutional right to appeal as he does to file a motion to suppress.  Third, Price's ability to file the suppression motion was not thwarted by the government.  Defendants are often forced to make decisions in the criminal justice system.  Price just wants to insulate himself from his own decisions.  Nothing in the controlling cases, especially since the enactment of the PROTECT Act, compels the government to provide the third acceptance point for a defendant in Price's situation.  Fourth, the government has agreed that Price is entitled to two acceptance points. That is an adequate recognition of Price's conduct.  Thus, the government's refusal to move for the third acceptance of responsibility point here is not unconstitutional.

Price's reliance on United States v. Vance is misplaced because the Ninth Circuit's decision is distinguishable from his situation.  First, Vance predates the PROTECT Act amendment to

12

Section 3E1.1. As such, the Vance court did not address the heart of the matter here, the exercise of the government's discretion under the current, post PROTECT Act, Section 3E1.1. Second, the defendant in Vance was accorded no acceptance points. Thus, there was no consideration given for any conduct that was consistent with accepting responsibility as there was here. Third, the Vance court did not address the additional resources expended during the appellate process in light of the defendant's conditional plea. Fourth, the Vance court's view that preparation for a suppression hearing is nothing like preparation for trial is incredibly myopic. If the government is compelled to present the overwhelming majority of its evidence at a suppression hearing, then there is no meaningful difference between that hearing and a trial. In a straightforward drug case such as Price's, the drug evidence and the circumstances surrounding its seizure are the whole case. Very little was left for the government to present at trial. The unsupported dicta in Vance is exactly the reason that the PROTECT Act put the decision in the hands of the prosecution, who is best positioned to know the resources it has expended. The Vance court's baseless proclamation about prosecutorial work load is merely an effort to make a distinction where there is no meaningful difference.

      **B. The government's refusal to move for the third acceptance point is rationally related to several legitimate governmental ends.**

Section 3E1.1 and its application notes make clear that the government is in the best position to determine what resources it has expended in a particular case and if the defendant has allowed the government and the Court to avoid trial preparation and allocate resources efficiently. The government's decision to withhold the third point is rationally related to several legitimate governmental ends.[1]

First, in this case the suppression hearing testimony presented by the government was the overwhelming majority of the evidence that would have been presented at trial. The case simply involved the discovery of methamphetamine making materials on Price's property after a consent search conducted by two officers. The two officers that conducted the consent search were the two officers that testified at the suppression hearing. All that remained for trial was the largely administrative, and most often stipulated to, task of admitting the drug evidence and the laboratory report. The suppression hearing testimony was, in reality, the trial testimony.

---

[1] Price claims that the government's refusal to move for the third acceptance point is based on a United States Attorney's Office policy of refusing to recommend the third point when a defendant has filed a motion to suppress. It is the policy of the United States Attorney's Office to assess, on a case by case basis, whether each defendant's conduct prior to sentencing warrants the full three points for acceptance of responsibility (assuming an offense level of 16 or greater). In making this determination, a variety of issues are assessed, including, but not limited to, whether the defendant has engaged in obstruction of justice, the defendant's conduct while on release or incarcerated pending resolution of his case, whether the defendant has afforded the government and the judiciary the ability to allocate their resources efficiently, and whether the defendant has resolved his case in a manner consistent with acceptance of responsibility.

Moreover, the government had anticipated that Price would call his girlfriend/common law wife to testify at the suppression hearing since her consent was critical to the suppression issue. The government was aware from defense counsel that she would be present at the hearing and was, in fact, being brought back from California to testify. Ultimately, she was present at the hearing but did not testify. Nevertheless, the government expended resources preparing to cross examine her and compiling her prior record information and other impeachment materials.

Likewise, the suppression issue was only resolved after the court requested additional briefs and argument from the parties. This additional investment of resources by the government and the Court should not be considered lightly.

Second, Price entered a conditional plea in this case which allows him to appeal the denial of his suppression motion. By pursuing an appeal, Price is again consuming scarce judicial resources and, as the foregoing cases point out, failing to fully accept responsibility. Some of the foregoing cases involve a bench trial where the defendant stipulates to facts which are sufficient to find him guilty. The goal of this approach is the preservation of appellate rights. There is no meaningful difference between that factual context and the instant case. Price entered a conditional plea which allows him to consume appellate resources. A plea hearing and stipulated fact bench trial are one in the same,

in outcome, impact on the appellate system, and consumption of resources.

Third, the government's refusal to move for the third point for Price is simply an effort by the government to differentiate between the varying levels of acceptance of responsibility demonstrated by defendants. Price, after vigorously litigating a motion to suppress and entering a conditional plea which obviously foreshadows an appeal, should not be on the same footing as a defendant who files no pretrial motions, foregoes an appeal and pleads guilty shortly after indictment. The latter defendant has clearly accepted responsibility to a much greater and more meaningful degree than Price.

Fourth, as the <u>Jones</u> court noted, the government hopes to reduce the filing of frivolous suppression motions by defendants. By forcing defendants to take into account the possible loss of the third point for acceptance of responsibility, the government anticipates that a number of defendants who would normally file a weak suppression motion with no fear of negative consequences, will now rethink their position. The anticipated reduction in frivolous motions plainly conserves the resources of not only the United States Attorney's Office but also the courts.

Price makes light of the government's position in this case by claiming the government is merely trying to reduce its work load. Unfortunately for Price, the PROTECT Act amendment to

Section 3E1.1 enables the government to take into consideration the amount of resources it has expended. Moreover, it is not only the time and resources of the United States Attorney's Office that are conserved. Judicial resources are also significantly preserved when defendants are forced to consider the possible negative consequences of their decisions. The government is merely trying to prevent the increasing avalanche of frivolous suppression motions by holding defendants' feet to the fire. Simply because Price really wants to have his cake and eat it too, does not mean that the Court should let him or that the government should ignore the additional work it is forced to undertake.

Lastly, Price requests that even if his acceptance of responsibility objection is denied, the Court should still grant him the third point for acceptance of responsibility under <u>Booker</u>. Price does not explain why he is entitled to the third point under <u>Booker</u> if the Court has already decided that the government's decision to withhold the third point under the Sentencing Guidelines was appropriate. <u>Booker</u> certainly does not hold that a defendant who is not deserving should have his sentence reduced by avoiding the application of the Sentencing Guidelines.

Wherefore, the government respectfully requests that Price's objection to paragraph 28 of the presentence report be denied.

Respectfully submitted,

```
                              MARY BETH BUCHANAN
                              United States Attorney


                              s/Christian A. Trabold
                              CHRISTIAN A. TRABOLD
                              Assistant U.S. Attorney
                              PA ID No. 75013
```