IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 04-50 Erie |
| | ) | |
| JOHN JOSEPH PRICE, JR. | ) | |

**DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S
OBJECTION TO PARAGRAPH 28 OF THE PRESENTENCE REPORT**

AND NOW, comes the defendant, John Joseph Price, Jr., by his attorney, Thomas W. Patton,

Assistant Federal Public Defender, and respectfully files his Reply to Government's Response to

Defendant's Objection to Paragraph 28 of the Presentence Report. In support thereof, counsel states:

The government defends its refusal to make a motion for the third point by making two

arguments: 1) preparing for and litigating a motion to suppress is the equivalent of preparing for trial;

and 2) it wants to deter the future filing of motions to suppress. The first proposition is demonstrably

wrong, and the second proposition is outrageously presumptuous.

Any lawyer or judge who has litigated or ruled upon a motion to suppress and who has also

litigated or presided over a trial knows to a certainty that litigating a motion to suppress is not the

equivalent in any way with litigating a jury trial. The government's claims to the contrary in this

case do not withstand scrutiny. The government argues that "in a straightforward drug case such as

Price's, the evidence and the circumstances surrounding its seizure are the whole case." Gov.

Response, p. 13. But in this case Mr. Price was charged with manufacturing methamphetamine,

attempting to manufacture methamphetamine, and possessing numerous chemicals with intent to use

them to manufacture methamphetamine. However, no methamphetamine was found at Mr. Price's

house nor was any active methamphetamine lab. If this case would have gone to trial, the bulk of

the government's case would have consisted of having to call experts to explain how

methamphetamine is manufactured and how the items found in Mr. Price's house could have been used to manufacture methamphetamine. This is not a simple task and would have taken considerable preparation and time to present to a jury. Furthermore, the government did not have to serve subpoenas, prepare jury instructions, prepare an opening statement or closing argument or litigate motions *in limine* concerning the admissibility of Mr. Price's prior methamphetamine convictions either as 404(b) evidence or as impeachment had Mr. Price chosen to testify. Obviously, Mr. Price's timely plea saved the government and the Court considerable time and energy which is the basis on which the third point is to be granted.

The Fifth Circuit, like the Ninth Circuit, has clarified that when the guidelines talk about preparing for trial they mean preparing for trial, not a suppression hearing. In <u>United States v. Washington</u>, 340 F.3d 222, 228-230 (5th Cir. 2003), the Fifth Circuit reversed the district court's refusal to award the third point for acceptance of responsibility based upon the defendant's litigation, and preservation for appeal, of a motion to suppress. In response to the district court's concern that the defendant was not entitled to acceptance of responsibility because he has sought to suppress evidence showing "an intent to walk, not accept responsibility" the Fifth Circuit stated

> The district court equates Washington's attempt to suppress evidence and continue to trial with avoiding responsibility. **The problem, however, is that a motion to suppress is not synonymous with putting "the government to its burden of proof at trial."** At issue in a suppression hearing is the admissibility of the evidence. The defendant has the burden to demonstrate why the evidence should be excluded. A trial, on the other hand, puts the burden on the government to prove the essential elements of the offense.

The Fifth Circuit also noted that the application notes to § 3E1.1 allow for an award of acceptance of responsibility even if a defendant goes to trial if the purpose of going to trial is not to challenge the defendant's factual guilty but rather to challenge the constitutionality of the statute he

is being charged with violating.  Id.   "The Guidelines create a distinction between a defendant's denial of factual guilt and denial of legal guilt, allowing acceptance of responsibility for the latter. To permit a reduction when a defendant challenges the constitutionality of a statute but deny it when a defendant admits his conduct and only challenges the way the police obtained the evidence is counter-intuitive.   Washington admitted to the factual conduct that formed the basis of his conviction.  He argued that the police violated the Fourth Amendment when obtaining the evidence. He did not challenge the existence or credibility of the evidence itself."

The Fifth Circuit was also concerned that the district court based its denial of acceptance of responsibility in part on the defendant's desire and intention to appeal the suppression ruling.  Id. In response to this reasoning the Fifth Circuit explained, "[c]onditioning a sentence reduction on a waiver of the right to appeal a constitutional issue is problematic.  A challenge to the legality of the police conduct is completely separate from a challenge to the factual elements of a defendant's conduct.  Washington should not have to waive appeal of a constitutional issue in order to receive a sentence reduction for acceptance of responsibility."

The Fifth Circuit also discussed the broader purposes served by the exclusionary rule which can only be performed by the filing an litigating of motions to suppress.  Its discussion on this issue addresses the government's belief that it ought to be able to use the withholding of the third point as an incentive to reduce the number of motions to suppress being filed.

> To affirm the district court in this case would chill the filing of suppression motions by defendants who admit their factual guilt.  Suppression hearings play a vital role in not only protecting the rights of the particular defendant, but also in protecting society from overzealous law enforcement ignoring proper procedure. In the absence of a conditional plea, the defendant would have to choose between trying to suppress the evidence and receiving credit for acceptance of responsibility.  A defendant should not have to make this choice.

The Fifth Circuit's reasoning in <u>Washington</u> is sound and refutes the district court's opinion in <u>United States v. Jones</u>, 431 F.Supp.2d 594 (E.D. Va. 2006). A motion to suppress is not an assertion of factual innocence. Rather, a motion to suppress is a legal claim that the government obtained evidence it intends to use against the defendant in an unlawful manner. The evidence that the defendant is seeking to suppress obviously helps establish the defendant's guilt which is why the defendant is seeking to have the evidence suppressed. That fact, however, does not alter the analysis. Mr. Price never claimed during the suppression hearing or in his motion that he was not factually guilty. Mr. Price's claim was that the search of his house was unlawful. This is a purely legal question and has nothing to do with factual guilt.

The Fifth Circuit's discussion of the purposes served by motions to suppress and the exclusionary rule highlights the error of the government's argument that it ought to be allowed to police the filing of motions to suppress. The government candidly admits in its papers that the real motivation behind its policy of denying the third point to defendants who file motions to suppress is to discourage defendants from filing motions to suppress. This assertion ought to shock and outrage the Court. The government is claiming that it, as a litigant in an adversary system of justice, should be given the power to determine the merits of a motion filed by a defendant. That is the Court's job, and it is presumptuous at best for the government to assert the contrary.

The government will always believe that a motion to suppress is meritless as one would hope a prosecutor would not file charges that can only be proven with evidence the prosecutor believes was obtained in violation of a citizen's Fourth Amendment right to be free from unreasonable searches and seizures. If one accepts that proposition, the prosecutor will have reviewed the facts of the case before presenting it to the grand jury and made a determination that he or she believes

no Fourth Amendment violation occurred. As a result, if a defendant files a motion to suppress, the prosecutor will have already determined that the motion has no merit (when was the last time the Court had the United States Attorney's Office concede a motion to suppress?). Ergo, any motion to suppress will be viewed as meritless and frivolous by the government and no motion for the third point will be filed.

The fundamental flaw in the government's argument that it is entitled to consider a defendant's filing of a motion to suppress when determining whether to make a motion for the third point for acceptance of responsibility is that they were not given control over the third point for the purpose of deterring the filing of motions to suppress. The Eighth Circuit has explained this flaw in the context of §5K1.1 motions.

In <u>United States v. Anzalone</u>, 148 F.3d 940, 941-42 (8th Cir. 1998), the government refused to make a downward departure motion pursuant to § 5K1.1 even though the defendant had provided substantial assistance because it believed the defendant had used drugs prior to sentencing. The district court found the government's position to be rational and refused to depart. The Eighth Circuit reversed, finding that the government's refusal to make a downward departure motion on grounds unrelated to the quality of the defendant's substantial assistance error.

> [The government's] refusal to file a substantial assistance motion was based entirely upon a reason unrelated to the quality of Anzalone's assistance in investigating and prosecuting other offenders. But § 5K1.1 and the related statute government mandatory minimum sentences, 18 U.S.C. § 3553(e), do not grant prosecutors a general power to control the length of sentences. Because sentencing is "primarily a judicial function," <u>Mistretta v. United States</u>, 488 U.S. 361, 390, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989), the prosecutor's virtually unfettered discretion under § 5K1.1 is limited to the substantial assistance issue, which is a question best left to the discretion of the law enforcement officials receiving the assistance. "The desire to dictate the length of a defendant's sentence for reasons other than his or her substantial assistance is not a permissible basis for exercising the government's

power under § 3553(e) [or 5K1.1]." <u>United States v. Stockdall</u>, 45 F.3d 1257, 1261 (8th Cir. 1995).

Therefore, "the government cannot base its [§ 5K1.1 motion] decision on factors other than the substantial assistance provided by the defendant." <u>United States v. Rounsavall</u>, 128 F.3d 665, 669 (8th Cir. 1997).

<u>Anzalone</u>, 148 F.3d at 941.

Just as § 5K1.1 and § 3553(e) do not grant prosecutors a general power to control the length of sentences, § 3E1.1 does not grant prosecutors a general power to control the length of sentences or police the merits of motions to suppress. The PROTECT Act was very specific as to why a government motion was being required before the third point could be awarded: prosecutors would know if they had prepared for trial. Prosecutors were not given control over the third point to lord that power over defendants in an effort to reduce the number of motions to suppress being filed. Accordingly, conditioning the award of the third point on anything other than a defendant's timely plea is not permissible.

Mr. Price would leave the Court with this final thought regarding the strength of the government's argument. This Court has sentenced defendant's under the Sentencing Guidelines since October of 1994. Mr. Price asks the Court to think back of the years since 1994 and ask itself if, prior to the passage of the PROTECT Act, any prosecutor ever argued to the Court that it should not award the third point for acceptance of responsibility because a defendant filed and litigated a motion to suppress. Mr. Price believes that the argument was never made. Mr. Price submits that the reason the argument was never made was because the government knew that it was frivolous and that the Court would not have withheld the third point based on a defendant's litigation of a motion to suppress. All that has changed is that the government now has control over the third point and

is proving the adage that once power is given to the government it will stretch the exercise of that power to its limits and beyond.

If the Court does not find that it can give Mr. Price the third point under the guidelines, it should exercise its sentencing discretion under Booker and sentence Mr. Price within the guideline range that would have been recommended had Mr. Price received the third point. Failing to give Mr. Price the benefit of the third point when he has clearly pled guilty in a timely fashion results in a sentence that is greater than necessary to achieve the goals of sentencing set forth in 18 U.S.C. § 3553(2). 18 U.S.C. § 3553(a). One of the factors the Court has to consider under § 3553(2) is the sentencing range called for by the Sentencing Guidelines. The guidelines work on the assumption that a defendant whose offense level is 16 or greater prior to the application of § 3E1.1 and who pleads guilty in a timely fashion will have their offense level reduced by three levels. By refusing to give a defendant the third point for acceptance of responsibility because he has litigated a motion to suppress in the hopes of deterring future filings of motions to suppress, the government is distorting the guidelines, resulting in an advisory guideline imprisonment range that is higher than that intended by the Sentencing Commission. As such, this Court should use its discretion to rectify this anomaly so that defendants do not receive sentences that are longer than those intended by the drafters of the guidelines.

WHEREFORE, defendant, John Joseph Price, Jr., respectfully requests that this Honorable Court apply the third point for acceptance of responsibility.

Respectfully submitted,


<u>/s/ Thomas W. Patton</u>
Thomas W. Patton
Assistant Federal Public Defender
PA I.D. No. 88653