```
 1                IN THE UNITED STATES DISTRICT COURT
               FOR THE WESTERN DISTRICT OF PENNSYLVANIA
 2
     UNITED STATES OF AMERICA    :
 3                               :
                                 :
 4          v.                   : CA-044-Erie
                                 :
 5                               :
     JOHN JOSEPH PRICE, JR.      :
 6

 7

 8

 9          Hearing in the above-captioned matter held

10      on Friday, June 16, 2006, commencing at 10:28 a.m.,

11      before the Honorable Sean J. McLaughlin, at the

12      United States Courthouse, Courtroom A, 17 South

13      Park Row, Erie, PA 16501.

14

15

16

17   For the United States of American:

18       Christian A. Trabold, Esquire
         Unites States Attorney's Office
19       17 South Park Row, Room A-330
         Erie, PA 16501

20

21   For the Defendant:

22       Thomas W. Patton, Esquire
         Federal Public Defender's Office
23       1001 State Street, Suite 1111
         Erie, PA 16501

24

25                  Reported by Sonya Hoffman
               Ferguson & Holdnack Reporting, Inc.
```

1        THE COURT:  Please be seated.  All right, come on up.
2   Mr. Price, I'm informed that you wish to change the plea
3   that you previously entered at Count No. 1 of Indictment No.
4   0450-Erie to a plea of guilty; is that correct?
5        MR. PRICE:  Yes.
6        THE COURT:  You're going to have to speak into the
7   microphone, Mr. Price.
8        MR. PRICE:  Yes.
9        THE COURT:  Just move right over to it, just stand
10  right in front of it.
11       Before accepting your guilty plea, there are a number
12  of questions I will ask you to make certain it is a valid
13  plea.  If you don't understand any question, please tell me
14  and I'll explain it to you.  If at any time you wish to
15  consult with Mr. Patton, please tell me that and I'll give
16  you the opportunity to consult with him.  I give you these
17  instructions because it is essential to a valid plea that
18  you understand every question before you answer it.
19       Would you please administer the oath.
20       MS. KIERZEK:  Please raise your right hand.
21          (Defendant administered oath.)
22       THE COURT:  Sir, do you understand that now that you've
23  been sworn, your answers to my questions are subject to the
24  penalties of perjury or of making a false statement if you
25  do not answer truthfully?

```
1          MR. PRICE:  Yes.
2          THE COURT:  How old are you, sir?
3          MR. PRICE:  37.
4          THE COURT:  Would you please state your full name.
5          MR. PRICE:  John Joseph Price, Jr.
6          THE COURT:  How far did you go in school?
7          MR. PRICE:  11th grade.
8          THE COURT:  Are you able to communicate in English?
9          MR. PRICE:  Yes.
10         THE COURT:  Can he do so, Mr. Patton?
11         MR. PATTON:  Yes, sir.
12         THE COURT:  Have you taken any drugs or medication or
13  drunk any alcoholic beverage in the past 24 hours?
14         MR. PRICE:  I'm a diabetic, I'm insulin dependent.
15         THE COURT:  I'm having some trouble hearing you and I
16  presume my court reporter is as well, so keep your voice up.
17         MR. PRICE:  I'm a diabetic.  I'm an insulin dependent
18  diabetic.
19         THE COURT:  All right.  What medications are you
20  taking?
21         MR. PRICE:  Lantus insulin and Humalog insulin.
22         THE COURT:  And do those medications in combination in
23  any way affect your ability to think clearly?
24         MR. PRICE:  No.
25         THE COURT:  Are you now, or have you recently been,
```

```
 1  hospitalized or treated for any type of narcotic addiction?
 2       MR. PRICE:  No.
 3       THE COURT:  And you do understand what's happening here
 4  today?
 5       MR. PRICE:  Yes, I do.
 6       THE COURT:  Does either Counsel have any doubt about
 7  the competence of this Defendant to plead guilty at this
 8  time to the charge contained in the indictment; Mr. Trabold?
 9       MR. TRABOLD:  No, Your Honor.
10       THE COURT:  Mr. Patton?
11       MR. PATTON:  No, Your Honor.
12       THE COURT:  I find this Defendant is competent.  Do you
13  have a lawyer with you here today?
14       MR. PRICE:  Yes, I do.
15       THE COURT:  And what is his name?
16       MR. PRICE:  Thomas Patton.
17       THE COURT:  Have you had a sufficient opportunity to
18  discuss your case with Mr. Patton?
19       MR. PRICE:  Yes, I have.
20       THE COURT:  And are you satisfied with the work that
21  Mr. Patton had done for you?
22       MR. PRICE:  Yes.
23       THE COURT:  Do you understand that if you continue to
24  plead not guilty and do not change your plea, you would have
25  a right to be assisted by an attorney at the trial of this
```

1  charge against you?
2      MR. PRICE:  Yes.
3      THE COURT:  And you understand that if you did not
4  enter a guilty plea and if you qualified financially, you'd
5  be entitled to be assisted by an attorney at no cost to you
6  at every phase of the processing of these charges against
7  you?
8      MR. PRICE:  Yes.
9      THE COURT:  And you understand if you did not plead
10 guilty and if there were a trial, under the Constitution
11 laws of the United States you would be entitled to a speedy
12 trial by a judge and jury on the charge?
13     MR. PRICE:  Yes.
14     THE COURT:  Do you understand if there were a trial,
15 you would be presumed to be innocent at the trial of the
16 charge against you?
17     MR. PRICE:  Yes.
18     THE COURT:  And do you understand that if there were a
19 trial, the Government would be required to prove your guilt
20 by competent evidence and beyond a reasonable doubt before
21 you could be found to be guilty?
22     MR. PRICE:  Yes.
23     THE COURT:  Do you understand if there were a trial,
24 you would not have to prove that you were innocent?
25     MR. PRICE:  Yes.

1      THE COURT:  And do you understand that through a trial,
2  the jury would have to be unanimous in order to find you
3  guilty?
4      MR. PRICE:  Yes.
5      THE COURT:  Do you understand if there were a trial,
6  you'd have the right to participate in the selection of a
7  jury; that you'd have the right to strike or eliminate any
8  prospective juror if it was demonstrated that the juror
9  would be unable to render a fair and impartial verdict; and
10 that you would have the right to strike or eliminate 10
11 jurors from the jury and one alternate without giving any
12 reason at all for so doing?
13     MR. PRICE:  Yes.
14     THE COURT:  And you understand if there were a trial,
15 your counsel could cross-examine the witnesses for the
16 Government, subject to evidence offered by the Government,
17 and then offer evidence on your behalf?
18     MR. PRICE:  Yes.
19     THE COURT:  Do you understand if there were a trial,
20 the Government would have to pay witness fees to witnesses
21 which you wish to call on your behalf if you qualified as
22 being financially unable to do so?
23     MR. PRICE:  Yes.
24     THE COURT:  Do you understand that if there were a
25 trial, you'd have the opportunity to testify if you chose

```
 1   to?
 2         MR. PRICE:  Yes.
 3         THE COURT:  And you understand if there were a trial,
 4   you'd have the right not to testify and that no inference or
 5   suggestion of guilt could be drawn from the fact that you
 6   did not testify?
 7         MR. PRICE:  Yes.
 8         THE COURT:  If you plead guilty and I accept this plea,
 9   do you understand that you will waive your right to a trial
10   and the other rights which I've mentioned to you, that there
11   will be no trial, and that I will enter a judgment of guilt
12   and sentence you on the basis of your guilty plea after
13   considering a presentence report?
14         MR. PRICE:  Yes.
15         THE COURT:  If you plead guilty, do you understand that
16   you'll also have to waive your right not to incriminate
17   yourself because I will ask you questions about what you did
18   in order to satisfy myself that you are guilty as charged
19   and you'll have to acknowledge your guilt?
20         MR. PRICE:  Yes.
21         THE COURT:  Now that I mentioned your rights to you, do
22   you still wish to plead guilty?
23         MR. PRICE:  Yes.
24         THE COURT:  Have you received a copy of the indictment
25   naming you and have you discussed with Mr. Patton the charge
```

```
 1   in the indictment to which you intend to plead guilty today?
 2        MR. PRICE:  Yes.
 3        THE COURT:  Do you understand that you are charged in
 4   Count No. 1 in the indictment as follows:
 5        In and around October 2004 in the Western District of
 6   Pennsylvania, the Defendant, John Joseph Price, Jr., did
 7   knowingly, intentionally, and unlawfully manufacture a
 8   mixture and substance containing a detectible amount of
 9   methamphetamine, a Schedule II controlled substance, in
10   violation of Title 21, US Code, Sections 841(8)(1), et seq.
11        Do you understand this charge?
12        MR. PRICE:  Yes.
13        THE COURT:  Do you understand that in order for the
14   crime of manufacturing a mixture and substance containing a
15   detectible amount of methamphetamine in violation of 21 USC
16   841(8)(1), et seq to be established, the Government must
17   prove all of the following essential elements beyond a
18   reasonable doubt:
19        That the Defendant knowingly and intentionally
20   manufactured a mixture and substance containing a detectible
21   amount of methamphetamine, that methamphetamine is a
22   Schedule II controlled substance.  Do you understand the
23   elements insofar as Count No. 1 is concerned?
24        MR. PRICE:  Yes.
25        THE COURT:  Do you understand that the maximum penalty
```

```
 1  for violation of Count No. 1 is as follows:
 2       A term of imprisonment of not more than 20 years; fine
 3  not to exceed $1 million; a term of supervised release of at
 4  least three years.
 5       For a second or subsequent felony drug conviction that
 6  is filed, whether Federal, State, or foreign, a term of
 7  imprisonment of not more 30 years; a fine not to exceed
 8  $2 million, a term of supervised release of at least six
 9  years; as well as a mandatory special assessment of $100.
10       Do you understand the maximum penalties?
11       MR. PRICE:  Yes.
12       THE COURT:  Now, has anyone made any threat to you, or
13  to anyone else, that has forced you in any way to plead
14  guilty today?
15       MR. PRICE:  No.
16       THE COURT:  Has there been a plea agreement in this
17  case?
18       MR. TRABOLD:  Your Honor, I'd direct you to
19  Government's Exhibit No. 1.  And once it's signed by Counsel
20  and Mr. Price, I ask that it be admitted into evidence.  It
21  indicates in the pertinent provision that Mr. Price plead
22  guilty to Count No. 1, and accept responsibility for his
23  conduct in Count Nos. 2 through 7.  Additionally, he will
24  pay the $100 special assessment.  He also agrees to waive
25  his right to file any appeals subject to the limitations in
```

```
 1   the plea agreement.
 2        In this case, this is a conditional plea which allows
 3   Mr. Price to plead guilty and appeal one issue in District
 4   Court, that being whether his motion to suppress the
 5   evidence seized from his residence was properly denied.
 6   Further, he waives his right to file a habeas petition per
 7   the particulars in the plea agreement.
 8        In exchange, the Government will dismiss the remaining
 9   counts in the indictment after Mr. Price is sentenced to
10   Count No. 1.  Additionally, the Government agrees to
11   recommend a two-point reduction in defense level for his
12   timely acceptance of responsibility.
13        Finally, Your Honor, there's a stipulation in this
14   case.  Mr. Price and the Government agree that the amount of
15   hydrophosphorus acid attributable to him in this case is at
16   least 214 grams, but less than 714 grams.
17        THE COURT:  All right.
18        MR. PATTON:  Your Honor, the appeal waiver also allows
19   Mr. Price's ability to appeal if the Government appeals the
20   sentence if the sentence is at maximum, and also allows him
21   to appeal unreasonable guidelines to be determined by the
22   Court.
23        THE COURT:  All right.  Have you read and reviewed the
24   plea agreement before you came to court today?
25        MR. PRICE:  Yes.
```

```
 1            THE COURT:  And did you discuss it with Mr. Patton?
 2            MR. PRICE:  Yes.
 3            THE COURT:  And do you agree with all its terms and
 4     conditions?
 5            MR. PRICE:  Yes.
 6            THE COURT:  Have you signed a plea agreement?
 7            MR. PRICE:  No.
 8            THE COURT:  All right.  Would you do that now, please.
 9            MR. PATTON:  Your Honor, the plea agreement will offer
10     the Government recommending a two-level reduction for the
11     acceptance of responsibility.  The Government is not asking
12     for a third point based on its office policy that if you --
13     if the litigated motion is suppressed, they will not give
14     the third point.
15            THE COURT:  Has that been litigated?
16            MR. PATTON:  Not in front of you.
17            THE COURT:  In front of anyone, has it been, just out
18     of curiosity?
19            MR. PATTON:  My understanding is that it has in front
20     of some of the judges in Pittsburgh, but I'm not 100 percent
21     sure of that.
22            THE COURT:  So you don't know what the results have
23     been?
24            MR. PATTON:  No.
25            THE COURT:  All right.  If you don't know, you don't
```

1    know.  I was just curious.  Do you know, Mr. Trabold?
2        MR. TRABOLD:  I do not know.  All I know is that the
3    guidelines specifically require the Government to make a
4    motion for the third point.
5        THE COURT:  Now, do you understand -- let the record
6    reflect that Mr. Price has signed the plea agreement in open
7    court.  Now, do you understand that by virtue of signing a
8    plea agreement, you are attesting by your signature that you
9    agreed with all the terms and conditions?
10       MR. PRICE:  Yes.
11       THE COURT:  All right.  That plea agreement is
12   admitted.  Now, has anybody made any promise to you, other
13   than the plea agreement, that has caused you to plead
14   guilty?
15       MR. PRICE:  No.
16       THE COURT:  You should understand that the Court is not
17   required to accept the plea agreement that you've entered
18   into and may reject it.  If I do reject the plea agreement,
19   you would be advised in open court and you would have the
20   opportunity to withdraw your guilty plea.  If the plea
21   agreement is rejected, you may nevertheless continue your
22   plea of guilty, and if you persist in a guilty plea after
23   the plea agreement is rejected, your sentence, or the
24   disposition of your case, may be less favorable to you than
25   that proposed in the agreement.  Do you understand that?

```
1          MR. PRICE:  Yes.
2          THE COURT:  Do understand the offense to which you are
3    pleading guilty is a felony offense, and that if your plea
4    is accepted, you will be judged guilty of the offense and
5    that adjudication may deprive you of valuable Civil Rights,
6    such as the right to vote for public office, serve on a
7    jury, or possess any type of a firearm.  Do you understand
8    that?
9          MR. PRICE:  Yes.
10         THE COURT:  Under the Sentence Reform Act of 1984, the
11   United States Sentencing Commission has issued guidelines
12   for judges to follow in determining sentences in criminal
13   cases for offenses occurring after November 1, 1987.  Have
14   you and Mr. Patton talked about how the sentencing
15   guidelines might apply to your case and the fact that the
16   guidelines are now advisory by virtue of Supreme Court
17   decisions?
18         MR. PRICE:  Yes.
19         THE COURT:  Do you understand that I will not be able
20   to determine the advisory guideline sentence for your case
21   until after the presentence has been completed and you and
22   the Government have had an opportunity to challenge the
23   facts that are reported by the probation officer?
24         MR. PRICE:  Yes.
25         THE COURT:  Do you understand that after it's been
```

```
 1   determined what guideline sentence applies to a case, the
 2   judge has the authority, in some circumstances, to impose a
 3   sentence that is more severe or less severe than that called
 4   for by the guidelines?
 5        MR. PRICE:  Yes.
 6        THE COURT:  Do you understand that under certain
 7   circumstances, you and the Government may have the right to
 8   appeal any sentence which I impose?
 9        MR. PRICE:  Yes.
10        THE COURT:  Do you understand that parole has been
11   abolished, if you are sentenced to a term of imprisonment
12   you will not be released on parole?
13        MR. PRICE:  Yes.
14        THE COURT:  Do you understand that if the sentence is
15   more severe than you expected it to be, you'll still be
16   bound by your guilty plea and you will have no right to
17   withdraw it?
18        MR. PRICE:  Yes.
19        THE COURT:  Except for your discussions with Mr. Patton
20   about sentencing guidelines, has anyone made any prediction
21   or promise to you about what your sentence will be?
22        MR. PRICE:  No.
23        THE COURT:  Has anything that I've said here today
24   suggested to you what your actual sentence will be?
25        MR. PRICE:  No.
```

1        THE COURT: Have you been instructed by counsel, by
2   Government counsel, or anybody else to respond untruthfully
3   to any question about a promised sentence?
4        MR. PRICE: No.
5        THE COURT: Did you, as charged in Count No. 1 and as
6   previously read to you by me, commit the offenses charged?
7        MR. PRICE: Excuse me?
8        THE COURT: I'm sorry. Did you, as charged in Count
9   No. 1 and as previously read to you by me, commit the
10  offense as charged?
11       MR. PRICE: Yes.
12       THE COURT: All right. Mr. Trabold, what would be the
13  Government's proof?
14       MR. TRABOLD: Your Honor, on October 26th of 2004, Mr.
15  Price was arrested by BNA agents and Pennsylvania State
16  troopers on a local State charge for delivery of
17  methamphetamine to Officer Randy Shira. And the Court is
18  well aware, from a previous hearing in this case, the
19  officers obtained consent to search Mr. Price's residence.
20       During the course of that search, they located
21  essentially all of the elements necessary to make and
22  manufacture methamphetamine at Mr. Price's residence.
23  Located within the residence, in the basement/garage area,
24  were a variety of different items, including
25  methamphetamine, iodine, lab type of paraphernalia, and

```
 1   equipment necessary to produce methamphetamine.  And
 2   additionally, approximately, 671 grams of sodium
 3   hypophosphorus, also referred to as hypophosphoric acid, was
 4   located during the search.  That type of phosphoric acid is
 5   necessary in the manufacture of methamphetamine.  And that
 6   specific chemical, along with all the other chemicals, are
 7   indicative of the production of methamphetamine by Mr. Price
 8   in October of 2004.
 9          THE COURT:  Mr. Price, you just heard what Mr. Trabold
10   said by way of summary.  Do you agree with everything he
11   just said?
12          MR. PATTON:  We don't agree with those amounts.
13          THE COURT:  I didn't hear.  Did he say that?  Do you
14   agree with everything?
15          MR. PRICE:  Yes.
16          THE COURT:  In any event, that's a legal conclusion.
17   Factually, you agree with everything; is that right?
18          MR. PRICE:  Yes.
19          THE COURT:  All right.  Do you still wish to plead
20   guilty?
21          MR. PRICE:  Yes.
22          THE COURT:  Is it your advice that he do so,
23   Mr. Patton?
24          MR. PATTON:  Yes, sir.
25          THE COURT:  Because you've acknowledged that you are,
```

```
 1   in fact, guilty as charged in Count No. 1, and because you
 2   know about your right to a trial, and because you know what
 3   the maximum possible penalties are, and because you are
 4   voluntarily pleading guilty, I will accept your guilty plea
 5   and enter a judgment of guilty on your plea to Count No. 1
 6   on Indictment No. 0450-Erie.
 7        It is, therefore, the finding of the Court in the case
 8   of United States versus John Joseph Price, Jr. that this
 9   Defendant is fully competent and capable of any informed
10   plea.  His plea of guilty is a knowing and voluntarily plea
11   supported by an independent basis in fact containing each of
12   the essential elements thereof, and therefore the plea is
13   accepted.  The Defendant is now to be judged guilty of the
14   charge.
15        Would you please have Mr. Price and Mr. Patton execute
16   the change of plea.
17        MR. PRICE:  (Defendant complies.)
18        THE COURT:  Presentence report will be prepared by the
19   probation office, and it is in your best interest to
20   cooperate with the probation officer in furnishing
21   information for that report because that report will be
22   important in my decision as to what your sentence will be.
23        You and your counsel will have the right and the
24   opportunity to examine the report before sentencing.
25   Disposition of sentencing in this case is set for 9/22/06 at
```

```
 1   10:30 a.m.   We're adjourned.
 2              (Hearing concluded at 10:44 a.m.)
 3
 4
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```